J-S40015-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MICHAEL DRENNON | : | |
| | : | |
| Appellant | : | No. 2040 EDA 2021 |

Appeal from the Judgment of Sentence Entered September 30, 2021
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0004547-2018

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MICHAEL DRENNON | : | |
| | : | |
| Appellant | : | No. 2041 EDA 2021 |

Appeal from the Judgment of Sentence Entered September 30, 2021
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0004548-2018

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MICHAEL DRENNON | : | |
| | : | |
| Appellant | : | No. 2042 EDA 2021 |

Appeal from the Judgment of Sentence Entered September 30, 2021
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0000850-2017

BEFORE:  PANELLA, P.J., STABILE, J., and KING, J.

J-S40015-22

MEMORANDUM BY PANELLA, P.J.:                    **FILED FEBRUARY 7, 2023**

Michael Drennon appeals[1] from the judgment of sentence imposed following his convictions in three cases of two counts of first-degree murder, three counts of possession of an instrument of crime, and one count each of attempted murder, aggravated assault, carrying a firearm without a license, carrying a firearm in public in Philadelphia. ***See*** 18 Pa.C.S.A. §§ 2502(a); 907; 901; 2702(a); 6106; 6108. Drennon argues that the verdicts were against the weight of the evidence; the evidence was insufficient to support the convictions; the trial court erred in consolidating the cases; the trial court erred in admitting evidence; the trial court erred in denying his motion to admit evidence of prior crimes by one of the victims; and the trial court erred in denying his motion for a mistrial. We affirm.

The trial court set forth an extensive recitation of the underlying facts involving the attempted murder of James Crawford and the murders of Renee

---

[1] We note that Drennon filed three separate notices of appeal, which each listed all three docket numbers but included a check mark next to the trial docket number at issue. Despite citing to all three docket numbers in each notice of appeal, we conclude that Drennon complied with ***Commonwealth v. Walker***, 185 A.3d 969, 976 (Pa. 2018) (holding that appellants are required to file separate notices of appeal when a single order resolves issues arising on more than one lower court docket), by filing separate notices of appeal, and the appeals need not be quashed. ***See Commonwealth v. Johnson***, 236 A.3d 1141, 1148 (Pa. Super. 2020) (*en banc*) (even if appellant lists multiple trial court docket numbers on notices of appeal, appeals need not be quashed because the appellant files an appropriate number of notices of appeal). Moreover, this Court *sua sponte* consolidated the appeals on February 18, 2022.

Cosom and Adeline Hill, which we adopt for the purpose of this appeal. **See** Trial Court Opinion, 1/12/22, at 2-12.

Briefly, Drennon was living with his paramour, Cosom. Cosom obtained a protection from abuse ("PFA") order against Crawford, her ex-boyfriend. Notably, following the PFA hearing, Drennon threatened to kill Crawford. As a result, Crawford obtained a restraining order against Cosom and Drennon; however, police offers were unable to serve the order.

On December 23, 2016, Crawford drove to Cosom's house and alerted the police to Cosom's and Drennon's location. After Drennon observed Crawford sitting in a SUV, he approached Crawford and fired multiple shots into the driver's side window. Crawford suffered gunshot wounds to his face and his shoulder. The police arrested Drennon, and the Commonwealth charged him with, *inter alia*, attempted murder, aggravated assault, violations of the Uniform Firearms Act, and possession of an instrument of crime. The trial court placed Drennon on house arrest at Cosom's home pending trial.

On January 29, 2018, police officers arrived at Cosom's home to find the dead bodies of Cosom and her mother, Hill, who had both been shot in the head. Drennon was at the home at the time of the shooting and insisted that two males, including Crawford, had entered the home and killed the two women. The police found a .38 special revolver containing three live rounds and two fired cartridges in a bedroom in the home. Subsequently, police officers took Drennon to the homicide unit around midnight on January 30,

2018. The detectives began interviewing Drennon at 6:10 a.m. and first read Drennon his **Miranda**[2] rights. Drennon indicated that he was willing to give information and that he did not want the presence of an attorney. Drennon was given several opportunities to use the bathroom, eat, and smoke cigarettes, and Drennon slept for about 9 hours. The detectives were also aware that Drennon was on house arrest for the attempted murder of Crawford but did not ask questions regarding that case. In total, Drennon spent 32 hours in the interrogation room.

The police eventually arrested Drennon for both murders, and the Commonwealth charged him with two counts of first-degree murder and possession of an instrument of crime. The Commonwealth filed a motion to consolidate the trials, which the trial court granted. Thereafter, Drennon filed a motion to suppress his statements to the police. Following a hearing, the trial court denied the motion.

Prior to trial, the Commonwealth filed a motion *in limine*, seeking the introduction of a self-recorded video taken from Drennon's phone approximately two weeks before he shot Crawford. The video shows Drennon rapping a song he had written about wanting to shoot someone in the face. The trial court granted the Commonwealth's motion. The Commonwealth also filed a motion *in limine* to admit Cosom's personal daily planner, wherein she

---

[2] **Miranda v. Arizona**, 384 U.S. 436 (1966).

noted several days on which Drennon assaulted her. The trial court denied this motion.

The cases proceeded to a jury trial. Notably, during trial, Drennon moved to admit portions of Cosom's statements to detectives after Crawford's shooting, in which she stated Crawford had been violent toward her and had threatened to kill her. Because Drennon introduced this evidence, the trial court allowed the Commonwealth rebuttal evidence in the form of Cosom's daily planner to suggest Cosom also feared Drennon. Ultimately, the jury found Drennon guilty of the above crimes. Prior to sentencing, Drennon orally raised a weight of the evidence challenge, which the trial court denied. Thereafter, the trial court sentenced Drennon to life imprisonment without parole. Drennon filed a timely appeal and a court-ordered Pa.R.A.P. 1925(b) concise statement.[3]

On appeal, Drennon raises the following questions for our review:

1. Was the verdict against the weight of the evidence?

2. Was the evidence sufficient to establish the [Drennon's] guilt beyond a reasonable doubt for each offense?

3. Did the trial court err when it granted the Commonwealth's Motion to Consolidate?

4. Did the trial court err when it denied the [Drennon's] Motion to Suppress his videotaped statement to police?

---

[3] We note that after filing the appellate brief, Drennon's counsel sought leave to withdraw as counsel. This Court denied the application.

5. Did the trial court err when it admitted the [Drennon's] self-recorded video into evidence?

6. Did the trial court err when it allowed decedent Renee Cosom's unauthenticated diary into evidence?

7. Did the trial court err when it denied the [Drennon's] motion *in limine* to admit James Crawford's multiple *crimen falsi* and harassment/stalking convictions into evidence[?]

8. Did the trial court err when it denied the [Drennon's] motion for a mistrial after the Commonwealth introduced forensic testimony contrary to previously elicited testimony[?]

Appellant's Brief at 7.

In his first claim, Drennon contends that the verdicts of attempted murder and aggravated assault relating to the shooting of Crawford and first-degree murder relating to the murders of Cosom and Hill were against the weight of the evidence. *See id.* at 15-16. Drennon argues that he shot Crawford in self-defense and that the Commonwealth failed to meet its burden to disprove self-defense. *See id.* Drennon asserts that the trial court erroneously relied on his statement to the police that he "lost it" as evidence of specific intent to kill, noting that had Crawford been killed, that statement would have supported a voluntary manslaughter charge. *See id.* at 16. Additionally, Drennon claims that Crawford killed Cosom and Hill, highlighting that Crawford had previously threatened Cosom. *See id.*

Here, the trial court set forth the relevant standard of review and concluded that the verdicts were not against the weight of the evidence. *See* Trial Court Opinion, 1/12/22, at 12-15. The trial court found that Drennon's

statement that he "lost it" with Crawford, in conjunction with other evidence, established that he did not act in self-defense. *See id.* at 13; *see also Commonwealth v. Houser*, 18 A.3d 1128, 1136 (Pa. 2011) (concluding that the trial court did not abuse its discretion in denying appellant's weight challenge where the jury did not find appellant's self-serving testimony credible, and the evidence established that appellant was the aggressor when he fired his gun multiple times). Further, the trial court concluded that the credible evidence established that Drennon, not Crawford, killed Cosom and Hill. *See* Trial Court Opinion, 1/12/22, at 13-15. We agree with the trial court's sound analysis and affirm on this basis. *See id.* at 12-15.

In his second claim, Drennon contends that the evidence was insufficient to support his convictions. *See* Appellant's Brief at 16-17. The entirety of Drennon's argument is as follows:

   a. As to the attempted murder and aggravated assault of [] Crawford, the Commonwealth presented no evidence to disprove the Defendant's self-defense claim beyond a reasonable doubt.

   b. As to [] Cosom and [] Hill, the evidence was insufficient to find the Defendant guilty of two counts of first-degree murder. As the evidence was insufficient to find [Drennon] guilty of first-degree murder, the evidence could not have been sufficient to sustain convictions on firearm offenses used during the commission of the murders.

*Id.* at 17.

As preliminary matter, in his Pa.R.A.P. 1925(b) concise statement, Drennon merely states that "[t]he verdict was not sufficient to establish the

Defendant's guilt beyond a reasonable doubt for each offense." Concise Statement, 10/28/21, at 1 (unnumbered). The statement fails to specify the convictions or element or elements upon which the evidence was insufficient; thus, the claim is waived. *See Commonwealth v. Tyack*, 128 A.3d 254, 260 (Pa. Super. 2015) (stating that to preserve a sufficiency claim, "the 1925(b) statement needs to specify the element or elements upon which the evidence was insufficient." (citation omitted)); *see also* Pa.R.A.P. 1925(b)(4)(ii) (requiring a Rule 1925(b) statement to "concisely identify each error that the appellant intends to assert with sufficient detail to identify the issue to be raised for the judge"). Likewise, Drennon's appellate brief is woefully inadequate, as he fails to cite any relevant authority and merely provides conclusory statements that he is entitled to relief. *See Commonwealth v. Freeman*, 128 A.3d 1231, 1249 (Pa. Super. 2015) ("The failure to develop an adequate argument in an appellate brief may result in waiver of the claim under Pa.R.A.P. 2119.").

However, even if we found that Drennon preserved his sufficiency claim, we would conclude that his claim is without merit based upon the trial court's sound reasoning in its opinion. *See* Trial Court Opinion, 1/12/22, at 15-20. Therefore, Drennon is not entitled to relief on his second claim. *See id.*

In his third claim, Drennon argues that the trial court erred in granting the Commonwealth's motion to consolidate the cases. *See* Appellant's Brief at 17-18. In support, Drennon merely claims that he "suffered clear prejudice,

as the attempted murder of [] Crawford by firearm illustrated a propensity for violence that effectively assured convictions for gun-related homicide. That the incidents took place in 2016 and 2018, respectively, suggest no temporal connection that could have supported joinder." *Id.* (citation omitted). Additionally, Drennon baldly contends that if the cases were properly joined, he should have been entitled to counsel during questioning regarding the murders of Hill and Cosom. *See id.* at 18.

Again, Drennon's argument is poorly developed, and he fails to establish through any citation to record or relevant case law that the trial court abused its discretion in consolidating the cases. *See Freeman*, 128 A.3d at 1249. Nevertheless, upon reviewing Drennon's argument, we conclude that it is without merit based upon the sound reasoning of the trial court. *See* Trial Court Opinion, 1/12/22, at 20-22. In sum, the attempted murder and double homicide cases included evidence concerning Cosom's relationships with Crawford and Drennon and allowed the jury to observe the development of the facts of the case, including that Drennon blamed Crawford for the double homicide. *See Commonwealth v. Johnson*, 236 A.3d 1141, 1150 (Pa. Super. 2020) (*en banc*) (noting the Commonwealth's policy to encourage joinder, especially where "the result will be to avoid the expensive and time consuming duplication of evidence." (citation omitted)). Drennon fails to demonstrate that the jury could not distinguish between the cases or that he was prejudiced by the consolidation. *See* Trial Court Opinion, 1/12/22, at 20-

22. Finally, as noted above, Drennon has not demonstrated through any citation to authority that the detectives' questioning of him relating to the murders of Cosom and Hill prevented the consolidation of cases. Regardless, we note that the detectives did not question Drennon regarding the attempted murder of Crawford, and the trial court specifically rejected Drennon's claim regarding counsel during questioning following the double homicide. *See* Trial Court Opinion, 1/12/22, at 26-27 (finding the evidence established that Drennon knowingly and unequivocally waived his right to have counsel present during the questioning). Therefore, Drennon's third claim is without merit.

In his fourth claim, Drennon contends that the trial court erred in denying his motion to suppress his videotaped statements to the detectives. *See* Appellant's Brief at 18-20. Drennon argues that his statements to the police were not voluntary, because although he could eat and use the restroom, the interrogation lasted over 30 hours and took a physical and mental toll on him. *See id.* at 19. Additionally, Drennon claims that his statements were not voluntary because he was represented by counsel on his attempted murder of Crawford case and any questioning conducted on the intersecting attempted murder and the double homicide cases was done in violation of *Miranda* and the Sixth Amendment. *See id.* at 18-19.

Here, in his concise statement, Drennon argues that "[t]he trial court erred in denying [Drennon's] Motion to Suppress his video-taped statement." Concise Statement, 10/28/21, at 1 (unnumbered). The trial court found that

Drennon raised three distinct claims in his motion to suppress; however, Drennon's vague claim in his concise statement does not specify which of the trial court's suppression rulings he is challenging. **See** Trial Court Opinion, 1/12/22, at 22-23. Thus, Drennon waived his claim. **See** Pa.R.A.P. 1925(b)(4)(ii).

Nevertheless, even if Drennon properly preserved his claim on appeal, we would conclude that it is without merit based upon the sound reasoning of the trial court. **See** Trial Court Opinion, 1/12/22, at 23-27; **see also Commonwealth v. Padilla**, 80 A.3d 1238, 1252 (Pa. 2013) (noting that the Sixth Amendment right to counsel does not attach until a prosecution has commenced "whether by way of formal charge, preliminary hearing, indictment, information, or arraignment."). We adopt the sound reasoning of the trial court for the purpose of this appeal. **See** Trial Court Opinion, 1/12/22, at 23-27.

In his fifth claim, Drennon baldly contends that the trial court erred in admitting his "arguably relevant" rap video recorded on his phone at trial. Appellant's Brief at 20. Drennon argues that even if the video was relevant, it was manifestly unreasonable and prejudicial. **See id.** According to Drennon, a reasonable jury could not have set aside the contents of the video when considering the charges against him. **See id.**

Here, the trial court addressed Drennon's claim and concluded that it is without merit. **See** Trial Court Opinion, 1/12/22, at 27-30. Drennon has not

established through any reasoned analysis or citation to case law that the trial court abused its discretion in determining that the video's probative value outweighs the risk of undue prejudice. **See** Pa.R.A.P. 2119(a) (noting that an argument must include a pertinent discussion and citation to authorities). Accordingly, we affirm on the basis of the trial court's sound analysis. **See** Trial Court Opinion, 1/12/22, at 27-30.

In his sixth claim, Drennon baldly argues that the trial court should not have admitted into evidence Cosom's unauthenticated planner, which suggested that their relationship was violent. **See** Appellant's Brief at 20. Drennon asserts that seeking admission of Cosom's statement to the police, which illustrated fear of Crawford, did not require rebuttal evidence by way of Cosom's diary. **See id.**

"With regard to the admission of evidence, we give the trial court broad discretion, and we will only reverse a trial court's decision to admit or deny evidence on a showing that the trial court clearly abused its discretion." **Commonwealth v. Lang**, 275 A.3d 1072, 1077-78 (Pa. Super. 2022) (citation omitted).

The trial court addressed this claim and concluded that because Drennon successfully admitting portions of Cosom's statements to police after the shooting of Crawford, wherein she indicated Crawford had threatened to kill her, the Commonwealth could introduce rebuttal evidence in the form of her statements in her planner that she feared Drennon as well. **See** Trial Court

Opinion, 1/12/22, at 30-32. Based upon our review of the record, and Drennon's failure to establish that the trial court abused its discretion in admitting the evidence, we affirm on the basis of the trial court's opinion. *See id.* Furthermore, although Drennon states that Cosom's planner was unauthenticated, he has not set forth any argument to establish that the Commonwealth failed to authenticate the planner. Accordingly, Drennon's sixth claim is without merit.

In his seventh claim, Drennon claims that the trial court abused its discretion in denying his motion *in limine* to admit Crawford's multiple prior convictions, including those "going back thirty years." Appellant's Brief at 21.

The trial court addressed Drennon's argument, finding that he was permitted to impeach Crawford with prior convictions. *See* Trial Court Opinion, 1/12/22, at 32-33. The trial court further noted that it excluded some of Crawford's prior convictions because they were more than ten years old. *See id.* at 33 (citing Pa.R.E. 609(b)(1) (stating that "if more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later. Evidence of the conviction is admissible only if … its probative value substantially outweighs its prejudicial effect[.]")). Drennon does not demonstrate that the probative value of the older convictions outweighed the prejudicial effect. Therefore, we agree with the reasoning of the trial court and affirm on this basis. *See id.*

In his final claim, Drennon contends that the trial court erred in denying his motion for a mistrial. *See* Appellant's Brief at 21. Drennon merely claims that testimony from Hung Le, a scientific expert, was then contradicted by a detective's testimony. *See id.*

Preliminarily, Drennon's argument is poorly constructed, as he does not identify the testimony that was contradicted or cite to the trial transcript to support his claim; thus, it is waived on appeal. *See Freeman*, 128 A.3d at 1249. Nevertheless, the trial court addressed Drennon's claim and concluded that it is without merit. *See* Trial Court Opinion, 1/12/22, at 33-34. We agree and affirm on this basis.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/7/2023